**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **BRYANT G. BLACK,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. RWT  05-330 |
| | * | |
| **QUEST DIAGNOSTICS INC.,** | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

The Federal Rules of Civil Procedure and the Local Rules of this Court are designed to help facilitate the orderly flow of information between parties litigating before this Court.  Specifically, these rules provide for a discovery process that contemplates the ability to exchange documents, ask questions and receive answers from an opposing party through interrogatories and the taking of depositions.  This case illustrates how this orderly process breaks down when an attorney fails to follow these basic rules.

The complaint in this case was filed on February 3, 2005.  In a letter dated February 4, 2005, the Office of the Clerk of this Court notified David D. Sutton, the purported attorney for the Plaintiff, that he was not admitted to practice before this Court and that his appearance had not been entered.[1]  No attempt was made on the part of Mr. Sutton to resolve the issue of his entitlement to practice law before this court or properly enter his appearance in this matter.

On June 30, Defendant Quest Diagnostics filed a Motion to Dismiss for Failure to Respond

---

[1] Mr. Sutton was first admitted to the bar of this Court on January 26, 2001.  However, he failed to renew his membership and the Court struck his membership in January of 2004. Accordingly, he was not a member of this bar when he filed the complaint in the instant case.

to Discovery, based on Plaintiff's alleged failure to comply with Quest's document requests. Although Plaintiff's response was due by July 18, 2005, Quest's motion to dismiss remained unanswered until July 27, 2005. On that date, Mr. Sutton and another attorney from his law firm, Jasmin Torres, filed entries of appearance and a response to the motion to dismiss. Mr. Sutton made no request for the acceptance of his untimely filing and offered no explanation for his delay. In a letter dated July 28, 2005, the Office of the Clerk again advised that no appearance had been entered in this case, as neither Mr. Sutton nor Ms. Torres was admitted to practice before this Court.

On September 8, 2005, Quest filed another Motion to Dismiss, based on Plaintiff's apparent failure to appear for his deposition. By letter dated September 12, 2005, the Deputy Clerk informed the Plaintiff that Quest had filed a dispositive motion, and that if he failed to make a timely and appropriate written response, judgment could be entered against him. This motion went unanswered for more than six weeks.

Despite the letters from the Office of the Clerk advising that no appearance had been entered in this matter, Mr. Sutton continued to fail to resolve the issue of his ability to serve as counsel for Plaintiff in this case. On September 28, 2005, the undersigned sent a letter to Mr. Sutton and Ms. Torres directing that they resolve the issue of their entitlement to practice law before this Court in no more than ten (10) days. In this letter, the Court advised that there were serious motions pending that could result in the dismissal of the Plaintiff's case. Based on the September 29, 2005 filing date, under Fed. R. Civ. P. 6(a), the ten day period in which the attorneys were directed to respond to the Court's order expired on October 14, 2005. Mr. Sutton, however, failed to enter his appearance until October 24, 2005,[2] on which date he also filed an untimely response to Quest's

---

[2] Mr. Sutton did, however, provide the Clerk's office with his renewal form on October 11, 2005, on which date he was officially reinstated to the bar of this Court.

second motion to dismiss. Mr. Sutton utterly failed to explain his disregard for the Court's Order or seek leave to file either an untimely response or his equally untimely appearance.

Attorneys practicing before this court disregard the Federal Rules of Civil Procedure and Local Rules at their peril. In a similar context, the late Chief Judge Richard Gilbert of the Court of Special Appeals of Maryland noted that procedural rules are "the lawyer's compass and serve to help him steer through the narrows of pleading, pass the rocks of default, around the shoals of limitation, and safely into the harbor of judgment. It is a reckless sailor, indeed, who puts to sea without a compass, and it is a reckless lawyer who fails to familiarize himself with" the applicable procedural rules before filing and trying a case. Colonial Carpets, Inc. v. Carpet Fair, Inc., 36 Md. App. 583, 584, 374 A.2d 419, 420-21 (1977). Chief Judge Gilbert went on to lament that the "rules of procedure are not to be considered as mere guides or Heloise's helpful hints to the practice of law, but rather precise rubrics that are to be read and followed, admonitions go unheeded by some practitioners. When that occurs, we are left to wonder whether we are engaged in an endless struggle, just as waves beat upon the shore, fall back and then repeat over and over ad infinitum." Id. at 584-85, 374 A.2d at 421.

Quest has requested that Plaintiff's untimely responses to the motions to dismiss be stricken and/or not considered as untimely, and that this Court dismiss the case with prejudice. Although the Court shares Quest's exasperation with the failure of Plaintiff's counsel to properly enter his appearance in this case, file timely responses, and comply with the Orders of this Court, the Court reluctantly declines the invitation to dispose of this case on these motions. It is the view of this Court that in situations like this the power to dismiss should be exercised with great restraint, and that "sanctions for attorney neglect should be borne if at all possible by the attorney himself rather than the client." Dove v. Codesco, 569 F. 2d 807, 810 (4th Cir. 1978). "Against the power to

prevent delays must be weighed the sound public policy of deciding cases on their merits." <u>Riezakis v. Loy</u>, 490 F.2d 1132, 1135 (4th Cir. 1974).  It is therefore this Court's view that Plaintiff should not be punished for his attorney's neglect with a dismissal, and that a more appropriate sanction would be to assess the costs and fees incurred by Quest directly upon the attorney responsible in this case, Mr. Sutton.  This Court will therefore, by separate order, direct that Mr. Sutton appear at a show cause hearing and demonstrate why this Court should not enter against him an award of fees and expenses.

 

 11/17/05                                                            /s/                
DATE                                                     ROGER W. TITUS
                                                         UNITED STATES DISTRICT JUDGE